

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jno. Q. McAdams
Commissioner
Department of Banking
Austin, Texas

Dear Mr. McAdams:                 Attention: Mr. H. A. Jamison,
Deputy Banking Commissioner.

Opinion No. O-5431
Re: Whether or not a foreign
building and loan association
authorized to do business in
this State is required to com-
ply with all of the building
and loan laws of this State.

Your request for an opinion upon the above-
captioned subject matter is as follows:

"The Farm & Home Savings & Loan Association
is a foreign association within the meaning of
Section 68 of the building and loan laws and the
association is regularly examined by representa-
tives of this department, and it is in connection
with a recent examination of the association that
we desire information as to the jurisdiction and
obligations of this office pertaining to the build-
ing and loan laws proper and compliance therewith
by subject corporation.

"Your attention therefore is directed to Sec-
tions 58 through 69, all of which have to do with
the operation of a foreign building and loan asso-
ciation in this state. We should like specific ad-
vice as to whether or not the association is obli-
gated to comply with all of the building and loan
laws of this state incident to their over-all oper-
ation or does it follow that said association is
only obligated to comply with the building and loan
laws of this state insofar as making of loans with-
in the state and the selling of stock within the
state is concerned.

Honorable Jno. Q. McAdams - page 2

"As a specific case in point, you are advised
that the directors of subject corporation are not
qualified to serve as such using the basis of quali-
fication set out in Section 33 of our building and
loan laws but said directors are eligible to serve
as such under the Missouri laws which is the state
of the institution's legal domicile. Likewise, Sec-
tion 38 of the building and loan laws of this state
contain certain limitations as to investments that
are not the same as limitations set out in the in-
vestment section in the Missouri law, and this of
course presents a more serious aspect to our in-
quiry than does the directors qualification ques-
tion.

"As indicated above, the point on which we de-
sire your advices is whether or not compliance with
the laws of Texas is limited to the business which
the association does in Texas in connection with the
making of loans or the selling of stock or does the
statute contemplate that a foreign association in
respect to its over-all operation must comply with
the building and loan laws of this state."

The following provisions of the Building and Loan Asso-
ciations Act are thought to be pertinent to your inquiry:

"Should the Banking Commissioner of Texas find
upon examination that such foreign association does
not conduct its business in accordance with law, * * *
it (he) may revoke the certificate of authority grant-
ing such foreign association to do business in this
State, * * *".  --Art. 881a-64, Vernon's Civ. Stat.

"No foreign building and loan association shall
be permitted to do business in this State unless all
the provisions of this Act are fully complied with.
* * *.

"All of the rules and regulations and all the
terms and conditions herein contained applicable to
the operation of domestic companies, are hereby ex-
pressly made applicable to foreign companies under
this Act. Any such association violating any of the
provisions of this Act, or failing to comply with any

of its provisions, shall be subject to a fine of
not less than One Hundred ($100.00) Dollars nor
more than Five Hundred ($500.00) Dollars, such
fine to be recovered by an action in the name of
the State of Texas in any court of competent jur-
isdiction and, upon the collection thereof, the
same shall be paid into the State Treasury." --
Art. 881a-66.

It is fundamental law, of course, that no foreign
corporation has a right as of course to carry on its cor-
porate business in Texas without a permit to do so.  Corollary
to this is the further principle that the State may impose up-
on such foreign corporation whatever conditions it sees fit to
impose as a condition to its being permitted to do business in
Texas.  No question of constitutional right or privilege comes
into the case, because as stated, no foreign corporation has
any right or privilege whatsoever to come into the State ex-
cept upon the terms imposed by the State.

Reading the provisions of our Building and Loan Asso-
ciations Act in respect to foreign corporations above quoted,
and considering them in connection with the entire Act of which
they constitute a part, we are clearly of the opinion that a
foreign corporation holding a permit to carry on its business
in Texas must conduct its operations in all substantial re-
spects in accordance with the laws of Texas, and by the term
"its operations" we mean to include the operations of the cor-
porate business in the state of its domicile as well as those
in Texas.

Perhaps a distinction is to be made between the com-
pany's operations and its organization.  There is just ground
for this distinction.  Thus, it is easy to be seen that a fail-
ure of the corporation with respect to a matter like the legal
qualifications for a directorship -- a matter concerning its
organic structure -- might be of little or no consequence to
this State, whereas a failure of the corporation to comply
with the requirements of the Texas statutes with respect to
its investments, withdrawals, and the like matters of opera-
tion, would be of the very essence of our statutes.

Trusting that what we have said will be a sufficient
answer to your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS
BY

Assistant

CS-MR

APPROVED
OPINION
COMMITTEE